⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2022000309**

APR 04, 2022 08:32 AM

*Melba Scoggins*
Melba Scoggins, Clerk
Bartow County, Georgia

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

MAGALI VEGA,

      Plaintiff,

v.

WALMART, INC. & REDDY ICE, LLC,

      Defendants.

_____/

Civil Action File No.
SUCV2022000309

## ANSWER OF DEFENDANT WALMART, INC.

COMES NOW, Defendant Walmart, Inc., and makes this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

## SEVENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

### 1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

### 2.

Defendant denies the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

There is no paragraph 3; however, if a paragraph 3 exists, it is denied.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant re-alleges and incorporates Paragraphs 1 through 4 above as if fully set forth, herein.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's

Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's

Complaint. Wal-Mart Stores East, LP operated the store.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's

Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's

Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's

Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's

Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's

Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendant denies the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendant denies the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.

Defendant re-alleges and incorporates Paragraphs 1 through 28 above as if fully set forth, herein.

30.

Defendant denies the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.

Defendant denies the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32.

Defendant denies, as stated, the allegations contained in paragraph 32 of the Plaintiff's Complaint.

33.

Defendant denies the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35.

Defendant denies the allegations contained in paragraph 35 of the Plaintiff's Complaint.

36.

Defendant denies the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37.

Defendant denies the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38.

Defendant denies the allegations contained in paragraph 38 of the Plaintiff's Complaint.

39.

Defendant denies the allegations contained in paragraph 39 of the Plaintiff's Complaint.

40.

Defendant denies the allegations contained in paragraph 40 of the Plaintiff's

Complaint.

41.

Defendant denies the allegations contained in paragraph 41 of the Plaintiff's

Complaint.

42.

Defendant denies the allegations contained in paragraph 42 of the Plaintiff's

Complaint.

43.

Defendant denies the allegations contained in paragraph 43 of the Plaintiff's

Complaint.

44.

Defendant denies the allegations contained in paragraph 44 of the Plaintiff's

Complaint.

45.

Defendant denies the allegations contained in paragraph 45 of the Plaintiff's

Complaint.

46.

Defendant denies the allegations contained in paragraph 46 of the Plaintiff's
Complaint.

47.

Defendant denies the allegations contained in paragraph 47 of the Plaintiff's
Complaint.

48.

Defendant denies the allegations contained in paragraph 48 of the Plaintiff's
Complaint.

49.

Defendant denies the allegations contained in paragraph 49 of the Plaintiff's
Complaint.

50.

Defendant denies the allegations contained in paragraph 50 of the Plaintiff's
Complaint.

51.

Defendant denies the allegations contained in paragraph 51 of the Plaintiff's
Complaint.

52.

Defendant denies the allegations contained in paragraph 52 of the Plaintiff's Complaint.

53.

Defendant denies the allegations contained in paragraph 53 of the Plaintiff's Complaint.

54.

Defendant denies the allegations contained in paragraph 54 of the Plaintiff's Complaint.

55.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

Defendant denies Plaintiff's prayer for relief, including all subparts thereof, (a) – (h).

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

This the 4th day of April, 2022.

McLAIN & MERRITT, P.C.

Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **ANSWER OF DEFENDANT WALMART, INC.** has this day been filed and served upon opposing counsel via PeachCourt eFile.

This the 4th day of April, 2022.

McLAIN & MERRITT, P.C.

_____
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

⚕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2022000309**

APR 04, 2022 08:32 AM

*Melba Scoggins*
Melba Scoggins, Clerk
Bartow County, Georgia

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

MAGALI VEGA,

      Plaintiff,

v.

WALMART, INC. & REDDY ICE, LLC,

      Defendants.

_____/

Civil Action File No.
SUCV2022000309

## 12-PERSON JURY DEMAND

COMES NOW Defendant Walmart, Inc., and demands a trial by a jury of

twelve (12) persons.

This the 4th day of April, 2022.

                                        McLAIN & MERRITT, P.C.

                                        _____

                                        Jennie E. Rogers
                                        Georgia Bar No. 612725
                                          Attorney for Defendant
                                        WALMART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the within and

foregoing **<u>12-PERSON JURY DEMAND</u>** has this day been filed and served upon

opposing counsel via PeachCourt eFile.

This the 4th day of April, 2022.

McLAIN & MERRITT, P.C.

_____

Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2022000309**

APR 04, 2022 08:32 AM

*Melba Scoggins*
Melba Scoggins, Clerk
Bartow County, Georgia

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

MAGALI VEGA,                                        Civil Action File No.
                                                    SUCV2022000309
     Plaintiff,

v.

WALMART, INC. & REDDY ICE, LLC,

     Defendants.

_____/

## NOTICE OF TAKING DEPOSITION

YOU ARE HEREBY notified that beginning on the 7th day of July, 2022, commencing at 11:00 a.m., at the offices of The Mitchell Law Group, LLC, 1378 Roswell Road, Suite 100, Marietta, GA 30062, the deposition will be taken of Magali Vega. Said deposition will be taken for purposes of discovery and all other purposes provided by law before an officer duly authorized to administer oaths. The deposition shall continue from day-to-day until completion. This deposition may also be videotaped by a videographer.

This the 4th day of April, 2022.

McLAIN & MERRITT, P.C.

_____
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **NOTICE OF TAKING DEPOSITION** has this day been filed and served upon opposing counsel via PeachCourt eFile.

This the 4th day of April, 2022.

McLAIN & MERRITT, P.C.

_____
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2022000309**

APR 04, 2022 08:32 AM

*Melba Scoggins*
Melba Scoggins, Clerk
Bartow County, Georgia

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

MAGALI VEGA,

     Plaintiff,

v.

WALMART, INC. & REDDY ICE, LLC,

     Defendants.

_____/

Civil Action File No.
SUCV2022000309

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1) DEFENDANT WALMART, INC.'S REQUEST FOR ADMISSIONS TO PLAINTIFF

2) DEFENDANT WALMART, INC.'S INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF

This the 4th day of April, 2022.

McLAIN & MERRITT, P.C.

_____
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via PeachCourt eFile.

This the 4th day of April, 2022.

McLAIN & MERRITT, P.C.

_____
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2022000309**

APR 04, 2022 10:33 AM

*Melba Scoggins*
Melba Scoggins, Clerk
Bartow County, Georgia

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

MAGALI VEGA,

         Plaintiff,

    v.

WALMART, INC. & REDDY ICE, LLC,

        Defendant.

Civil Action No. SUCV2022000309

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT REDDY ICE, LLC TO PLAINTIFF'S COMPLAINT

COMES NOW REDDY ICE, LLC (hereinafter "Defendant") and hereby responds to Plaintiff's Complaint ("Complaint"), showing this Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant Reddy Ice upon which relief may be granted.

### SECOND DEFENSE

It is denied that all of Plaintiff's alleged injuries and damages were proximately caused by the subject alleged incident.

### THIRD DEFENSE

If it is judicially determined that Defendant Reddy Ice is liable for any injuries sustained by Plaintiff, which is denied, then Defendant Reddy Ice would argue Plaintiff failed to mitigate her damages.

### FOURTH DEFENSE

If it is judicially determined that Defendant Reddy Ice is liable for any injuries sustained by Plaintiff, which is denied, then Defendants state that any injuries so sustained were caused, in

whole or in part, by third-parties over whom Defendants had no control, and/or Plaintiff's own negligence and/or fault, and that Plaintiffs' damages therefore should be reduced by the percentage commensurate with the degree of negligence or fault attributable to other parties, to Plaintiff, or barred completely.

## FIFTH DEFENSE

No act or omission on the part of Defendant caused or contributed to any of the alleged injuries or damages claimed by Plaintiff, and therefore Plaintiff is not entitled to recover anything from Defendant.

## SIXTH DEFENSE

Pursuant to O.C.G.A. § 51-12-33(a) and (b), any damages recoverable by Plaintiff must be apportioned among each person or entity that caused or contributed to the alleged damages based on the percentages of fault assigned by the trier of fact.

## SEVENTH DEFENSE

Defendant has at all times acted in good faith with respect to Plaintiff's claim, and has in no way been stubbornly litigious or caused Plaintiff unnecessary trouble and expense. Therefore Plaintiff is not entitled to attorney's fees under O.C.G.A § 13-6-11.

## EIGHTH DEFENSE

Plaintiff's claim for punitive damages under O.C.G.A. § 51-12-5.1 has no support under the law or facts of this case and therefore should be dismissed.

## NINTH DEFENSE

The alleged acts, if any, and omissions, if any, of Defendant did not approach willful, wanton, intentional, malicious, reckless indifference, and/or bad faith conduct.

## TENTH DEFENSE

The imposition of punitive damages in this case would violate Defendant's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution. The standards provided by Georgia law to determine liability and the amount of punitive damages are unduly vague and subjective, and permit a jury to impose an excessive and arbitrary punishment that serves no legitimate governmental interest.

## ELEVENTH DEFENSE

The imposition of punitive damages in this case would further violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because Georgia's procedure for review of punitive damages verdicts does not provide significant safeguard against the jury's unbridled discretions in awarding punitive damages.

## TWELFTH DEFENSE

The imposition of punitive damages in this case would constitute an excessive fine in violation of the Eighth Amendment of the United States Constitution and the related provision of the Georgia Constitution.

## THIRTEENTH DEFENSE

Defendant asserts and do not waive the defenses of Failure to Mitigate and Spoliation of Evidence.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

## FIFTEENTH DEFENSE

Subject to the foregoing defenses, Defendant Reddy Ice hereby respond to the Plaintiff's

Complaint as follows:

1.     Answering Paragraph 1 of the Complaint, Defendant lacks sufficient knowledge or information regarding the truth of Plaintiff's alleged residency and citizenship and demands strict proof of the same.

2.     Answering Paragraph 2 of the Complaint, this Defendant denies it is a Georgia Corporation and would show it is a LLC wholly owned by a Nevada corporation and has a principal place of business in Texas. Defendant is not contesting service.

3.     There is no Paragraph 3 listed in Plaintiff's Complaint.

4.     Defendant objects to the legal conclusions contained in Paragraph 4 of the Complaint regarding venue.

5.     In response to Paragraph 5 of the Complaint, Defendant reasserts all preceding paragraphs of its Answer as if restated herein verbatim.

6.     Answering Paragraph 6 of the Complaint, Defendant is without knowledge sufficient to admit or deny the allegations contained therein; therefore, those allegations are denied and strict proof is demanded thereof.

7.     Answering Paragraph 7 of the Complaint, Defendant is without knowledge sufficient to admit or deny the allegations contained therein; therefore, those allegations are denied and strict proof is demanded thereof.

8.     Answering Paragraph 8 of the Complaint, Defendant admits only so much of the allegations as could be construed to allege that it owned an ice merchandiser located inside the Walmart. Further answering, Defendant objects to each and every use of the terms "refrigeration machine" as used throughout the Complaint, as such terms are misleading and is not the correct term for the referenced equipment. Defendant further objects to the vague and ambiguous term

"malfunctioning." Subject to these objections, Defendant denies the remainder of allegations as written and demands strict proof thereof.

9.      Answering Paragraph 9 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary.   To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

10.      Answering Paragraph 10 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary.   To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

11.      Answering Paragraph 11 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary.   To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

12.      Answering Paragraph 12 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary.   To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

13.      Answering Paragraph 13 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary.   To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

14.     Answering Paragraph 14 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary.   To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

15.     Answering Paragraph 15 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary.   To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

16.     Answering Paragraph 16 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary.   To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

17.     Answering Paragraph 17 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary.   To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

18.     Answering Paragraph 18 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary.   To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof. Defendant further objects to the legal conclusions regarding Plaintiff's knowledge and ordinary care.

19.     Answering Paragraph 19 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or

denial is necessary. To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

20.     Answering Paragraph 20 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary. To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

21.     Answering Paragraph 21 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary. To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

22.     Answering Paragraph 22 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary. To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

23.     Answering Paragraph 23 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary. To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

24.     Answering Paragraph 24 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary. To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

25.     Answering Paragraph 25 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary.  To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

26.     Answering Paragraph 26 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary.  To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

27.     Answering Paragraph 27 of the Complaint, including all subparts, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary.  To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

28.     Answering Paragraph 28 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary.  To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof.

29.     In response to Paragraph 29 of the Complaint, Defendant reasserts all preceding paragraphs of its Answer as if restated herein verbatim.

30.     Answering Paragraph 30 of the Complaint, Defendant is without knowledge sufficient to admit or deny the allegations contained therein; therefore, those allegations are denied and strict proof is demanded thereof.

31.      Answering Paragraph 31 of the Complaint, Defendant is without knowledge sufficient to admit or deny the allegations contained therein; therefore, those allegations are denied and strict proof is demanded thereof.

32.      Answering Paragraph 32 of the Complaint, Defendant admits only so much of the allegations as could be construed to allege that it owned an ice merchandiser located inside the Walmart. Further answering, Defendant objects to each and every use of the terms "refrigeration machine" as used throughout the Complaint, as such terms are misleading and is not the correct term for the referenced equipment. Defendant further objects to the vague and ambiguous term "malfunctioning." Subject to these objections, Defendant denies the remainder of allegations as written and demands strict proof thereof.

33.      Defendant denies the allegations contained in Paragraph 33 of the Complaint and strict proof is demanded thereof.

34.      In response to Paragraph 34 of the Complaint, this Defendant contends that it is not the owner or operator of the subject premises. Further answering, Defendant denies the allegations contained in Paragraph 34 of the Complaint as written and strict proof is demanded thereof.

35.      In response to Paragraph 35 of the Complaint, this Defendant contends that it is not the owner or operator of the subject premises. Further answering, Defendant denies the allegations contained in Paragraph 35 of the Complaint as written and strict proof is demanded thereof.

36.      Defendant denies the allegations contained in Paragraph 36 of the Complaint and strict proof is demanded thereof.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint and strict proof is demanded thereof.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint and strict proof is demanded thereof.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint and strict proof is demanded thereof.

40.     Answering Paragraph 40 of the Complaint, this Defendant contends that the allegations contained in said paragraph do not concern this Defendant; therefore, no admission or denial is necessary.  To the extent factual allegations exist concerning this Defendant, those allegations are denied and strict proof is demanded thereof. Defendant further objects to the legal conclusions regarding Plaintiff's knowledge and ordinary care.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint and strict proof is demanded thereof.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint and strict proof is demanded thereof.

43.     In response to Paragraph 43 of the Complaint, this Defendant contends that it is not the owner or operator of the subject premises. Further answering, Defendant denies the allegations contained in Paragraph 43 of the Complaint as written and strict proof is demanded thereof.

44.     In response to Paragraph 44 of the Complaint, this Defendant contends that it is not the owner or operator of the subject premises. Further answering, Defendant denies the allegations contained in Paragraph 44 of the Complaint as written and strict proof is demanded thereof.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint and strict proof is demanded thereof.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint and strict proof is demanded thereof.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint and strict proof is demanded thereof.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint and strict proof is demanded thereof.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint, including all subparts, and strict proof is demanded thereof.

50.     Defendant denies the allegations contained in Paragraph 42 of the Complaint and strict proof is demanded thereof.

51.     Answering Paragraph 51 of the Complaint, Defendant lacks sufficient knowledge or information regarding the truth of Plaintiff's alleged medical specials and lost wages and demands strict proof of the same.

52.     Answering Paragraph 52 of the Complaint, Defendant lacks sufficient knowledge or information regarding the truth of Plaintiff's alleged pain and suffering and demands strict proof of the same.

53.     Answering Paragraph 53 of the Complaint, Defendant lacks sufficient knowledge or information regarding the truth of Plaintiff's Special Damages and demands strict proof of the same.

54.     Answering Paragraph 54 of the Complaint, Defendant asserts Plaintiff is not entitled to attorney's fees.

55.     Defendant denies Plaintiff is entitled to the relief sought in the Wherefore paragraph, including all subparts.

## RESERVATION AND NON-WAIVER

56.     Defendant reserves any additional and future defenses as may be revealed by additional information during the course of discovery and investigation. Defendant further reserves the right to withdraw any defense that may not be applicable.

**EACH AND EVERY ALLEGATION CONTAINED IN PLAINTIFF'S COMPLAINT WHICH HAS NOT BEEN SPECIFICALLY ADMITTED OR OTHERWISE RESPONDED TO BY DEFENDANT IS HEREBY DENIED.**

**WHEREFORE**, having fully responded to Plaintiff's Complaint, Defendants pray as follows:

(a)     That they be discharged without liability to Plaintiff;

(b)     That all costs be assessed against Plaintiff;

(c)     That this Court enter such other and further relief as it deems just and proper.

## DEMAND FOR TRIAL BY JURY

Defendant demands a trial by jury of 12 persons.

This the 4th day of April, 2022.

MCANGUS GOUDELOCK & COURIE, LLC

s/ Adam Ribock
ADAM RIBOCK (GA Bar No. 881297)
adam.ribock@mgclaw.com
Post Office Box 12519
1320 Main Street, 10th Floor (29201)
Columbia, South Carolina 29211
(803) 227-2254
*Attorney for Reddy Ice, LLC*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **Defendant Reddy Ice, LLC's Answer to Plaintiff's Complaint** was served upon all counsel of record via the Court's electronic filing system which automatically sends a service copy via electronic mail notification to all counsel of record addressed as follows:

> Email: tmitchell@mitchellfirm.com
> Thomas P. Mitchell
> The Mitchell Law Group, LLC
> 1378 Roswell ROad
> Suite 110
> Marietta, GA 30062
> *Attorney for Magali Vega*

This the 4th day of April, 2022.

> MCANGUS GOUDELOCK & COURIE, LLC
>
>  s/ Adam Ribock
> Adam Ribock
> Bar No.: 881297
> Post Office Box 12519
> 1320 Main Street, 10th Floor (29201)
> Columbia, South Carolina 29211
> Phone: (803) 779-2300
> Email: adam.ribock@mgclaw.com
> ATTORNEYS FOR DEFENDANT REDDY ICE, LLC